IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DE'ERICA INGRAM, Individually and as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 3:21-cv-1191 |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant, | ) ) | |
| SERVE: | ) ) | |
| The United States District Attorney for the Southern District of Illinois, Nine Executive Drive Fairview Heights, IL 62208 | ) ) ) ) ) | |
| GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, | ) ) ) ) | |
| Defendant, | ) ) | |
| SERVE: | ) ) | |
| CT Corporation System 208 S. LaSalle St. Suite 814 Chicago, IL 60604 | ) ) ) ) ) | |
| DENNIS HURFORD, M.D., | ) ) | |
| Defendant, | ) ) | |
| SERVE: 2246 State Route 157 Glen Carbon, IL 62034 | ) ) ) ) | |
| GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, | ) ) ) | |
| Defendant, | ) ) ) | |
| SERVE: | ) | |

CT Corporation System          )
208 S. LaSalle St.             )
Suite 814                      )
Chicago, IL 60604              )
                               )

## COMPLAINT

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, and as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her attorneys, KATZMAN & SUGDEN, LLC, and for her cause of action against the Defendants, UNITED STATES OF AMERICA, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, DENNIS HURFORD, M.D., and GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, states to this Honorable Court as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. § 233, known as the Public Health Services Act and 28 U.S.C. § 1346(b), commonly known as the Federal Tort Claims Act, which confers original and exclusive jurisdiction in this Court of civil actions on claims against the United States for money damages, for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government acting in the scope of his office or employment where the United States, as in this case, under the allegations set forth herein below, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and the care and treatment at issue was provided in the Southern District of Illinois.

3.      The Plaintiff, De'Erica Ingram, is the mother of the decedent, Deonsha Ramona Jones, and is the court appointed Independent Administrator of the Estate of Deonsha Ramona

Jones, deceased.  A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

4.      At all relevant times herein, the Plaintiff, De'Erica Ingram was a resident of the State of Illinois and the County of Madison and lived within the Southern District of Illinois.

5.      Dennis Hurford, M.D., was, at all relevant times, a physician licensed to practice medicine in the State of Illinois and practicing in the field of obstetrics and gynecology and held himself out as a skilled and knowledgeable physician competent to practice in the field of obstetrics and gynecology.

6.      Dennis Hurford, M.D., was at all relevant times, acting as an agent, employee or servant of Southern Illinois Health Care Foundation, Inc, a health center owned and/or operated by the defendant, United States of America.

7.      Southern Illinois Healthcare Foundation, Inc., and Dennis Hurford, M.D. are deemed employees of the Public Health Service for the purpose of this action and were, at all relevant times, acting within the scope of that employment and their deemed employment for the United States of America.

8.      At all relevant times herein, Southern Illinois Healthcare Foundation is and was a Health Center Program grantee under 42 U.S.C. §254b and a Federal Tort Claims Act-deemed Public Health Service employee.

9.      At all relevant times to this cause of action, the Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., was a provider of medical care and treatment, including certain care and treatment rendered within Gateway Regional Medical Center.

10.     At all times mentioned herein, the agents, servants and/or employees of the United States of America, including but not limited to Southern Illinois Healthcare Foundation and Dennis

Hurford, M.D., were at all times acting as the agents, servants, and/or employees of the United States of America and were at all times acting within the scope and course of their employment and/or agency.

11.     At all relevant times to this cause of action, the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, was and is a limited liability company engaged in the business of providing medical care to members of the public, including the Plaintiff, DE'ERICA INGRAM, and DEONSHA RAMONA JONES, with its principal place of business located at 2100 Madison Ave., Granite City, IL 62040 in Madison County, Illinois. At all times herein-mentioned, Defendant, Gateway Regional Medical Center, employed physicians, nurses and other health care personnel for providing medical services and all such persons were at all times acting as the agents, servants, and/or employees of Gateway Regional Medical Center and were at all times acting within the course and scope thereof.

12.     Jurisdiction against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has original jurisdiction and thus shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

13.     Jurisdiction against the Defendant, DENNIS HURFORD, M.D., is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has original jurisdiction and thus shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

14.     At all relevant times to this cause of action, the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, was and is an Illinois corporation engaged in the business of providing medical care to members of the public, including the Plaintiff, DE'ERICA INGRAM, and DEONSHA RAMONA JONES, with its principal places of business located in

Madison County, Illinois.  At all times herein-mentioned, Defendant, Gateway Medical Group, employed physicians, nurses and other health care personnel, including but not limited to Dennis Hurford, M.D. for providing medical services and all such persons were at all times acting as the agents, servants, and/or employees of Gateway Medical Group and were at all times acting within the course and scope thereof.

15.     Jurisdiction against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has original jurisdiction and thus shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

16.     The acts of negligence as alleged in this Complaint all took place within the Southern District of Illinois.

17.     Jurisdiction is conferred upon this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), § 1402(b), § 2679(d)(2), and § 1367(a).

**FACTUAL ALLEGATIONS**

18.     On or about March 26, 2019, the Plaintiff, DE'ERICA INGRAM, visited Dr. Mark Wasserman at the Granite City McKinley Health Center of Southern Illinois Healthcare Foundation, where she was determined to be pregnant and given an estimated due date of November 2, 2019.

19.     The Plaintiff, DE'ERICA INGRAM, continued to regularly visit the Granite City McKinley Health Center of Southern Illinois Healthcare Foundation for prenatal check-ups.

20.     On or about October 11, 2019, the Plaintiff, DE'ERICA INGRAM, visited the Gateway Regional Medical Center, for lower back pain, pelvic pain, and vomiting where she was admitted for early labor.

21.     On or about October 11, 2019, at 05:10, De'Erica Ingram signed an operative consent for a possible cesarean section.

22.     On or about October 11, 2019, at 05:15, Dr. Dennis Hurford was notified of abnormal fetal monitoring results and orders were received to start low dose Oxytocin.

23.     On or about October 11, 2019, at 07:31, De'Erica Ingram's membranes artificially ruptured.

24.     On or about October 11, 2019, at 08:00, Dr. Hurford was present to review the abnormal fetal heart tones and fetal monitoring strips.

25.     On or about October 11, 2019, at 09:00, Dr. Hurford was once again notified of the abnormal fetal heart tones.

26.     On or about October 11, 2019, at 09:35, Dr. Hurford was notified of prolonged decelerations and now recurrent late decelerations and orders for an amnioinfusion were given.

27.     On or about October 11, 2019, at 10:15, an amnioinfusion was started as ordered by Dr. Dennis Hurford.

28.     On or about October 11, 2019, at 12:20, Dr. Hurford was present to review the fetal monitoring strips and he ordered to begin Pitocin augmentation.

29.     On or about October 11, 2019, at 13:30, De'Erica Ingram was noted to have a fever of 99.5, at which point Dr. Hurford ordered Tylenol 1000 mg.

30.     On or about October 11, 2019, at 14:00, De'Erica Ingram was noted to have emesis after the Tylenol was given and an order was given by Dr. Hurford for a Tylenol suppository.

31.     On or about October 11, 2019, at 14:45, Dr. Hurford was again notified of the fetal heart tracings showing tachycardia.

32.     On or about October 11, 2019, at 15:15, a call was placed to Dr. Hurford regarding continuous fetal tachycardia with minimal variability and he ordered a sterile vaginal examination to be conducted.

33.     On or about October 11, 2019, at 15:25, Dr. Hurford was made aware of the sterile vaginal examination, as well as fetal heart tracings showing tachycardia with minimal variability.

34.     On or about October 11, 2019, at 15:25, Dr. Hurford gave orders for a non-emergent cesarean section.

35.     On or about October 11, 2019, a call was placed to the operating room and Dr. Hurford was aware that a cesarean section was scheduled to start at 16:00:00.

36.     On or about October 11, 2019, at 16:01:00, Dr. Hurford spoke with De'Erica Ingram regarding the necessity of a cesarean section.

37.     On or about October 11, 2019, at 16:13, De'Erica Ingram was taken to the operating room for a cesarean section.

38.     On or about October 11, 2019, at 16:44:00, Deonsha Ramona Jones was born with a blue, pale color presentation and no respiratory effort.

39.     On or about October 11, 2019, at 17:11:00, after unsuccessful resuscitation efforts, Deonsha Ramona Jones was pronounced dead at Gateway Regional Medical Center in Granite City, Illinois.

## COUNT I – FEDERAL TORT CLAIMS ACT
### (Wrongful Death – United States of America)

COMES NOW the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her counsel and for Count I of her cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

40.     The Plaintiff re-alleges and incorporates by referenced paragraphs 1-39 of this Complaint as if fully re-stated herein.

41.     On or about October 5, 2020, Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, submitted her administrative claim by

presenting a Form 95 to the Department of Health and Human Services and said agency issued a denial of claims on July 20, 2021. Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit B". Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, brings this action within six months of said agency's denial of her claim. A true and accurate copy of the Department of Health & Human Services' denial of claim is attached hereto and marked as "Exhibit C".

42.     At all times mentioned herein, the Defendant, UNITED STATES OF AMERICA, was offering to the public obstetrical-gynecological services by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., within Madison County, Illinois.

43.     At all times mentioned herein, the Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., did undertake the care and treatment of De'Erica Ingram and Deonsha Ramona Jones, both *in utero* and thereafter, during the course of the intrapartum, neonatal, and/or postpartum periods.

44.     At all times mentioned herein, it was the duty of the Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, to use the same degree of knowledge, skill and ability as an ordinary careful physician and/or health facility would exercise under similar circumstances and exercise reasonable care in the examination, diagnosis, delivery, care, and treatment of Plaintiff, De'Erica Ingram and Deonsha Ramon Jones, so as not to injure or harm De'Erica Ingram and/or her child, Deonsha Ramona Jones.

45.     That Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

46.     At all times relevant to this complaint, the Plaintiff, DE'ERICA INGRAM, relied upon the Defendant, United States of America, to provide appropriate services through its healthcare providers, including but not limited to including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D.

47.     The Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, breached the aforementioned duty and/or duties during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

     a.     Negligently and carelessly failed to deliver Deonsha Ramona Jones in a timely manner;

     b.     Negligently and carelessly failed to determine that a caesarean section was required in a timely manner and failed to provide timely and appropriate medical treatment;

     c.     Negligently and carelessly failed to recognize that the fetus was not tolerating labor and failed to provide timely and appropriate medical treatment;

     d.     Negligently and carelessly failed to properly administer Pitocin and failed to provide timely and appropriate medical treatment;

e.      Negligently and carelessly failed to recognize recurrent late decelerations and other fetal heart rate abnormalities and failed to provide timely and appropriate medical treatment;

f.      Negligently and carelessly improperly used an amnioinfusion when the fetus was having recurrent, late decelerations;

g.      Negligently and carelessly failed to recognize placental insufficiency and failed to provide timely and appropriate medical treatment;

h.      Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Deonsha Ramona Jones;

i.      Negligently and carelessly failed to recognize and call for an emergency caesarean section when it knew or in the exercise of reasonable care should have known that an emergency caesarean section was required;

j.      Negligently and carelessly failed to recognize that the fetus had abnormal tracings and failed to provide timely and appropriate medical treatment;

k.      Negligently and carelessly failed to properly read and interpret the fetal heart tracings and failed to provide timely and appropriate medical treatment;

l.      Negligently and carelessly failed to adequately and properly respond to De'Erica Ingram's contractions and the fetal heart rate and failed to provide timely and appropriate medical treatment;

m.      Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby and failed to provide timely and appropriate medical treatment;

n.  Negligently and carelessly failed to recognize that Deonsha Ramona Jones was not tolerating labor and failed to provide timely and appropriate medical treatment;

o.  Negligently and carelessly failed to properly and appropriately use a vacuum to deliver Deonsha Ramona Jones;

p.  Negligently and carelessly failed to properly document the procedure of using a vacuum to deliver Deonsha Ramona Jones;

q.  Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

r.  Negligently and carelessly failed to assemble a physician led team to be present at the delivery and supervise the anticipated neonatal resuscitation of Deonsha Ramona Jones;

s.  Negligently and carelessly failed to properly perform the cesarean section;

t.  Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby and De'Erica Ingram closely and failed to provide timely and appropriate medical treatment;

u.  Negligently and carelessly failed to properly monitor De'Erica Ingram during labor and after delivery and failed to provide timely and appropriate medical treatment;

v.  Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, De'Erica Ingram, and Deonsha Ramona Jones.

48.  That the United States of America, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., deviated from the acceptable standard of medical care.

49.     As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Deonsha Ramona Jones, was pronounced dead on October 11, 2019 at Gateway Regional Medical Center in Granite City, Illinois.

50.     That the aforesaid negligent acts or omissions of Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Deonsha Ramona Jones' death.

51.     Based on the foregoing, the Defendant, UNITED STATES OF AMERICA, is vicariously liable to the Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D.

52.     The Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

53.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit D") and a Report from a Health Care Professional ("See Exhibit E").

54.     As a direct and proximate cause of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, Deonsha Ramona Jones was pronounced dead and the heirs of Deonsha Ramona Jones, deceased, have incurred expenses for her funeral and

burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, prays for judgment against the United States of America, in the sum of Twenty Million Dollars ($20,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT II – FEDERAL TORT CLAIMS ACT
### (Survival Action – United States of America)

COMES NOW the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her counsel and for Count II of her cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

55.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-47 of this Complaint as if fully re-stated herein.

56.     That suit is being filed pursuant to 755 ILCS 5/27-6 for DEONSHA RAMONA JONES' personal injuries sustained before her death as a result of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including

but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment.

57.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit D") and a Report from a Health Care Professional ("See Exhibit E").

58.     As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, DEONSHA RAMONA JONES experienced severe conscious pain and suffering.

59.     As a direct and proximate cause of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, all of whom were acting within the course and scope of their employment, DEONSHA RAMONA JONES' next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for DEONSHA RAMONA JONES' pain and suffering incurred before her death and for which she would have been entitled to recover had she survived.  Further, DEONSHA RAMONA JONES' estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, prays for judgment against the Defendant, UNITED STATES OF AMERICA, in the sum of Twenty Million Dollars ($20,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321

DANIEL C. KATZMAN, #6306299

300 South Charles Street

Belleville, IL 62220

(618) 235-2110 (Phone)

(618) 235-2117 (Fax)

steve@katzmanlaw.net

dkatzman@katzmanlaw.net

ATTORNEYS FOR PLAINTIFFS

## COUNT III – FEDERAL TORT CLAIMS ACT
### (United States of America – Negligence)

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, by and through her counsel, and for Count III of her cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

60.     This action is brought pursuant to 42 U.S.C. § 233, known as the Public Health Services Act and 28 U.S.C. § 1346(b), commonly known as the Federal Tort Claims Act, which confers original and exclusive jurisdiction in this Court of civil actions on claims against the United States for money damages, for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government acting in the scope of his office or employment where the United States, as in this case, under the allegations set forth herein below, if a private personal, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

61.     Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and the care and treatment at issue was provided in the Southern District of Illinois.

62.     At all relevant times herein, the Plaintiff, De'Erica Ingram was a resident of the State of Illinois and the County of Madison and lived within the Southern District of Illinois.

63.     Dennis Hurford, M.D., was, at all relevant times, a physician licensed to practice medicine in the State of Illinois and practicing in the field of obstetrics and gynecology and held himself out as a skilled and knowledgeable physician competent to practice in the field of obstetrics and gynecology.

64.     Dennis Hurford, M.D., was at all relevant times, acting as an agent, employee or servant of the Southern Illinois Health Care Foundation, Inc, a health center owned and/or operated by the defendant, United States of America.

65.     Southern Illinois Healthcare Foundation, Inc., and Dennis Hurford, M.D. are deemed employees of the Public Health Service for the purpose of this action and were, at all relevant times, acting within the scope of that employment and their deemed employment for the United States of America.

66.     At all relevant times herein, Southern Illinois Healthcare Foundation is and was a Health Center Program grantee under 42 U.S.C. §254b and a Federal Tort Claims Act-deemed Public Health Service employee.

67.     At all relevant times to this cause of action, the Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., was a provider of medical care and treatment, including certain care and treatment rendered within Gateway Regional Medical Center.

68.     At all times mentioned herein, the agents, servants and/or employees of the United States of America, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., were at all times acting as the agents, servants, and/or employees of the United

States of America and were at all times acting within the scope and course of their employment and/or agency.

69.     The acts of negligence as alleged in this Complaint all took place within the Southern District of Illinois.

70.     On or about October 5, 2020, Plaintiff, De'Erica Ingram, an Individual, submitted her administrative claim by presenting a Form 95 to the Department of Health and Human Services and said agency issued a denial of claims on July 20, 2021. Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit F". Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, brings this action within six months of said agency's denial of her claim. A true and accurate copy of the Department of Health & Human Services' denial of claim was previously attached hereto and marked as "Exhibit C".

71.     Jurisdiction is conferred upon this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), § 1402(b), § 2679(d)(2), and § 1367(a).

72.     On or about March 26, 2019, the Plaintiff, DE'ERICA INGRAM, visited Dr. Mark Wasserman at the Granite City McKinley Health Center of Southern Illinois Healthcare Foundation, where she was determined to be pregnant and given an estimated due date of November 2, 2019.

73.     The Plaintiff, DE'ERICA INGRAM, continued to regularly visit the Granite City McKinley Health Center of Southern Illinois Healthcare Foundation for prenatal check-ups.

74.     On or about October 11, 2019, the Plaintiff, DE'ERICA INGRAM, visited the Gateway Regional Medical Center, for lower back pain, pelvic pain, and vomiting where she was admitted for early labor.

75.     On or about October 11, 2019, at 05:10, De'Erica Ingram signed an operative consent for a possible cesarean section.

76.     On or about October 11, 2019, at 05:15, Dr. Dennis Hurford was notified of abnormal fetal monitoring results and orders were received to start low dose Oxytocin.

77.     On or about October 11, 2019, at 07:31, De'Erica Ingram's membranes artificially ruptured.

78.     On or about October 11, 2019, at 08:00, Dr. Hurford was present to review the abnormal fetal heart tones and fetal monitoring strips.

79.     On or about October 11, 2019, at 09:00, Dr. Hurford was once again notified of the abnormal fetal heart tones.

80.     On or about October 11, 2019, at 09:35, Dr. Hurford was notified of prolonged decelerations and now recurrent late decelerations and orders for an amnioinfusion were given.

81.     On or about October 11, 2019, at 10:15, an amnioinfusion was started as ordered by Dr. Dennis Hurford.

82.     On or about October 11, 2019, at 12:20, Dr. Hurford was present to review the fetal monitoring strips and he ordered to begin Pitocin augmentation.

83.     On or about October 11, 2019, at 13:30, De'Erica Ingram was noted to have a fever of 99.5, at which point Dr. Hurford ordered Tylenol 1000 mg.

84.     On or about October 11, 2019, at 14:00, De'Erica Ingram was noted to have emesis after the Tylenol was given and an order was given by Dr. Hurford for a Tylenol suppository.

85.     On or about October 11, 2019, at 14:45, Dr. Hurford was again notified of the fetal heart tracings showing tachycardia.

86.     On or about October 11, 2019, at 15:15, a call was placed to Dr. Hurford regarding continuous fetal tachycardia with minimal variability and he ordered a sterile vaginal examination to be conducted.

87.     On or about October 11, 2019, at 15:25, Dr. Hurford was made aware of the sterile vaginal examination, as well as fetal heart tracings showing tachycardia with minimal variability.

88.     On or about October 11, 2019, at 15:25, Dr. Hurford gave orders for a non-emergent cesarean section.

89.     On or about October 11, 2019, a call was placed to the operating room and Dr. Hurford was aware that a cesarean section was scheduled to start at 16:00:00.

90.     On or about October 11, 2019, at 16:01:00, Dr. Hurford spoke with De'Erica Ingram regarding the necessity of a cesarean section.

91.     On or about October 11, 2019, at 16:13, De'Erica Ingram was taken to the operating room for a cesarean section.

92.     On or about October 11, 2019, at 16:44:00, Deonsha Ramona Jones was born with a blue, pale color presentation and no respiratory effort.

93.     On or about October 11, 2019, at 17:11:00, after unsuccessful resuscitation efforts, Deonsha Ramona Jones was pronounced dead at Gateway Regional Medical Center in Granite City, Illinois.

94.     On or about October 11, 2019, De'Erica Ingram was diagnosed with a postoperative hematoma.

95.     On or about October 15, 2019, De'Erica Ingram underwent a surgical laparoscopy with removal of the postoperative hematoma.

96.     De'Erica Ingram was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

97.     The Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, breached the aforementioned duty and/or duties during the course of the

aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

    a.    Negligently and carelessly failed to provide properly trained physicians to monitor the Plaintiff, DE'ERICA INGRAM'S, condition;

    b.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus and failed to provide timely and appropriate medical treatment;

    c.    Negligently and carelessly failed to deliver Deonsha Ramona Jones in a timely manner;

    d.    Negligently and carelessly failed to determine that a caesarean section was required in a timely manner and failed to provide timely and appropriate medical treatment and failed to provide timely and appropriate medical treatment;

    e.    Negligently and carelessly failed to recognize that the fetus was not tolerating labor and failed to provide timely and appropriate medical treatment;

    f.    Negligently and carelessly failed to recognize recurrent late decelerations and other fetal heart rate abnormalities and failed to provide timely and appropriate medical treatment;

    g.    Negligently and carelessly used an amnioinfusion when the fetus was having recurrent, late decelerations;

    h.    Negligently and carelessly failed to recognize placental insufficiency and failed to provide timely and appropriate medical treatment;

    i.    Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or in the exercise of reasonable care should have

known that an emergency caesarean section was required to protect the health of the Plaintiff, DE'ERICA INGRAM;

j.    Negligently and carelessly failed to recognize and call for an emergency caesarean section when it knew or in the exercise of reasonable care should have known that an emergency caesarean section was required;

k.    Negligently and carelessly failed to recognize that the fetus had abnormal tracings and failed to provide timely and appropriate medical treatment;

l.    Negligently and carelessly failed to adequately and properly respond to De'Erica Ingram's contractions and the fetal heart rate and failed to provide timely and appropriate medical treatment;

m.    Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby and failed to provide timely and appropriate medical treatment;

n.    Negligently and carelessly failed to recognize that Deonsha Ramona Jones was not tolerating labor and failed to provide timely and appropriate medical treatment;

o.    Negligently and carelessly failed to properly and appropriately use a vacuum to deliver Deonsha Ramona Jones;

p.    Negligently and carelessly failed to properly document the procedure of using a vacuum to deliver Deonsha Ramona Jones;

q.    Negligently and carelessly failed to properly perform the cesarean section;

r.    Negligently and carelessly failed to properly monitor De'Erica Ingram during labor and after delivery and failed to provide timely and appropriate medical treatment;

s.    Negligently and carelessly failed to timely recognize and/or treat De'Erica Ingram's postoperative hematoma;

t.    Negligently and carelessly failed to follow-up on De'Erica Ingram's symptoms and concerns and failed to provide timely and appropriate medical treatment;

u.    Negligently and carelessly failed to properly perform the c-section to prevent a postoperative hematoma;

v.    Negligently and carelessly failed to adequately recognize De'Erica Ingram's postoperative hematoma and failed to provide timely and appropriate medical treatment;

w.    Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby and De'Erica Ingram closely and failed to provide timely and appropriate medical treatment;

x.    Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, De'Erica Ingram's, condition;

y.    Negligently and carelessly failed to properly perform follow-up treatment of De'Erica Ingram;

z.    Negligently and carelessly failed to appreciate that De'Erica Ingram's prolonged, inefficient labor was increasing her risk for a postoperative hematoma and failed to provide timely and appropriate medical treatment;

aa.   Negligently and carelessly failed to adequately and properly address De'Erica Ingram's risks for postoperative hematoma and failed to provide timely and appropriate medical treatment;

bb.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, De'Erica Ingram.

98.     Based on the foregoing, the Defendant, UNITED STATES OF AMERICA, is vicariously liable to the Plaintiff, DE'ERICA INGRAM, an Individual, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment.

99.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit G") and a Report from a Health Care Professional ("See Exhibit H").

100.    As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, the Plaintiff, DE'ERICA INGRAM, suffered injuries, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, DE'ERICA INGRAM, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, DE'ERICA INGRAM, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, DE'ERICA INGRAM, sustained serious permanent injuries, including but not limited to postoperative hematoma and was forced to undergo unnecessary procedures and treatment; the Plaintiff, DE'ERICA INGRAM, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, Individually, prays for judgment against the Defendant, UNITED STATES OF AMERICA, in the sum of Ten Million Dollars ($10,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

_____

STEVEN E. KATZMAN, #01414321

DANIEL C. KATZMAN, #6306299

300 South Charles Street

Belleville, IL 62220

(618) 235-2110 (Phone)

(618) 235-2117 (Fax)

steve@katzmanlaw.net

dkatzman@katzmanlaw.net

ATTORNEYS FOR PLAINTIFFS

## COUNT IV – FEDERAL TORT CLAIMS ACT
**(United States of America – Negligent Infliction of Emotional Distress)**

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, by and through her counsel, and for Count IV of her cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

101.    Plaintiff adopts and incorporates each and every allegation contained in paragraphs 60-97 of Court III of this Complaint as if fully re-stated herein.

102.    On or about October 5, 2020, Plaintiff, De'Erica Ingram, an Individual, submitted her administrative claim by presenting a Form 95 to the Department of Health and Human Services and said agency issued a denial of claims on July 20, 2021. Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit I". Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, brings this action within six months of said agency's denial of her claim. A true and accurate copy of the Department of Health & Human Services' denial of claim was previously attached hereto and marked as "Exhibit C".

103.    That all times mentioned herein, the Defendant, UNITED STATES OF AMERICA, owed a duty to the Plaintiff, DE'ERICA INGRAM, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, DE'ERICA INGRAM, to suffer extreme emotional distress and fear for her own safety.

104.    As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation and Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, the Plaintiff, DE'ERICA INGRAM, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, DE'ERICA INGRAM, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish has incurred and could possibly need future medical treatment; the Plaintiff, DE'ERICA INGRAM, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological difficulties and other trauma.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, Individually, prays for judgment against the Defendant, UNITED STATES OF AMERICA, in the sum of Ten Million Dollars ($10,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street

Belleville, IL 62220

(618) 235-2110 (Phone)

(618) 235-2117 (Fax)

steve@katzmanlaw.net

dkatzman@katzmanlaw.net

ATTORNEYS FOR PLAINTIFFS

## COUNT V
### (Wrongful Death – Granite City Illinois Hospital Company, LLC)

COMES NOW the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count V of her cause of action against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, states to the Court as follows:

105.    Jurisdiction against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has original jurisdiction and thus shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

106.    Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and the care and treatment at issue was provided in the Southern District of Illinois.

107.    The Plaintiff, De'Erica Ingram, is the mother of the decedent, Deonsha Ramona Jones, and is the court appointed Independent Administrator of the Estate of Deonsha Ramona Jones, deceased.  A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

108.    At all relevant times herein, the Plaintiff, De'Erica Ingram was a resident of the State of Illinois and the County of Madison and lived within the Southern District of Illinois.

109.    At all relevant times to this cause of action, the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, was a limited liability company engaged in the business of providing medical care to members of the public, including the Plaintiff, DE'ERICA INGRAM, and DEONSHA RAMONA JONES, with its principal place of business located at 2100 Madison Ave., Granite City, IL 62040 in Madison County, Illinois. At all times herein-mentioned, Defendant, Gateway Regional Medical Center, employed physicians, nurses and other health care personnel for providing medical services and all such persons were at all times acting as the agents, servants, and/or employees of Gateway Regional Medical Center and were at all times acting within the course and scope thereof.

110.    At all times mentioned herein it was the duty of the Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, to exercise reasonable care in the examination, diagnosis, delivery, resuscitation, care, and treatment of Plaintiff, DE'ERICA INGRAM and Deonsha Ramona Jones, so as not to injure or harm De'Erica Ingram and/or her child, Deonsha Ramona Jones.

111.    That Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

112.    At all times relevant to this complaint, the Plaintiff, DE'ERICA INGRAM, relied upon the Defendant, Gateway Regional Medical Center, to provide appropriate services through its healthcare providers, including but not limited to its physicians, nurses, respiratory therapists, other healthcare providers, agents, servants, or employees or apparent agents.

113.    The Plaintiff re-alleges and incorporates by referenced paragraphs 18-39 of this Complaint as if fully re-stated herein.

114.    At the time and place aforesaid, the Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a.    Negligently and carelessly failed to provide properly trained nurses to monitor De'Erica Ingram's condition;

b.    Negligently and carelessly failed to timely alert the doctors of problems and/or changes in the fetal condition;

c.    Negligently and carelessly failed to use the nursing chain of command when it was clear that Dr. Hurford was not being responsive to the changes in fetal condition;

d.    Negligently and carelessly failed to deliver Deonsha Ramona Jones in a timely manner and failed to provide timely and appropriate medical treatment;

e.    Negligently and carelessly failed to determine that a caesarean section was required in a timely manner and failed to provide timely and appropriate medical treatment;

f.    Negligently and carelessly failed to recognize that the fetus was not tolerating labor and failed to provide timely and appropriate medical treatment;

g.    Negligently and carelessly failed to properly administer Pitocin and failed to provide timely and appropriate medical treatment;

h.      Negligently and carelessly failed to recognize recurrent late decelerations and other fetal heart rate abnormalities and failed to provide timely and appropriate medical treatment;

i.      Negligently and carelessly improperly used an amnioinfusion when the fetus was having recurrent, late decelerations;

j.      Negligently and carelessly failed to recognize placental insufficiency and failed to provide timely and appropriate medical treatment;

k.      Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Deonsha Ramona Jones;

l.      Negligently and carelessly failed to recognize and call for an emergency caesarean section when it knew or in the exercise of reasonable care should have known that the emergency caesarean section was required;

m.      Negligently and carelessly failed to recognize that the fetus had abnormal tracings and failed to provide timely and appropriate medical treatment;

n.      Negligently and carelessly failed to properly read and interpret the fetal heart tracings and failed to provide timely and appropriate medical treatment;

o.      Negligently and carelessly failed to adequately and properly respond to De'Erica Ingram's contractions and the fetal heart rate and failed to provide timely and appropriate medical treatment;

p.      Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby and failed to provide timely and appropriate medical treatment;

q.      Negligently and carelessly failed to recognize that Deonsha Ramona Jones
        was not tolerating labor and failed to provide timely and appropriate
        medical treatment;

r.      Negligently and carelessly failed to properly and appropriately use a
        vacuum to deliver Deonsha Ramona Jones;

s.      Negligently and carelessly failed to properly document the procedure of
        using a vacuum to deliver Deonsha Ramona Jones;

t.      Negligently and carelessly failed to appreciate the maternal, fetal, and
        neonatal conditions and/or risk factors that indicated a higher risk for the
        necessity of neonatal resuscitation;

u.      Negligently and carelessly failed to assemble a physician led team to be
        present at the delivery and supervise the anticipated neonatal resuscitation
        of Deonsha Ramona Jones;

v.      Negligently and carelessly failed to properly perform the cesarean section;

w.      Negligently and carelessly failed, after being placed on notice, to take
        appropriate action and to monitor the baby and De'Erica Ingram closely and
        failed to provide timely and appropriate medical treatment;

x.      Negligently and carelessly failed, after placing the doctor on notice, to take
        appropriate action and to monitor the baby and De'Erica Ingram closely and
        failed to provide timely and appropriate medical treatment;

y.      Negligently and carelessly failed to properly monitor De'Erica Ingram
        during labor and after delivery and failed to provide timely and appropriate
        medical treatment;

z.      Otherwise negligently and carelessly provided inadequate medical services
        to the Plaintiff, De'Erica Ingram, and Deonsha Ramona Jones.

115.    That Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, and other healthcare providers, deviated from the acceptable standard of medical care.

116.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Deonsha Ramona Jones, was pronounced dead on October 11, 2019 at Gateway Regional Medical Center in Granite City, Illinois.

117.    That the aforesaid negligent acts or omissions of Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, and other healthcare providers, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Deonsha Ramona Jones' death.

118.    Based on the foregoing, the Defendant, Gateway Regional Medical Center, is vicariously liable to the Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, and other healthcare providers.

119.    The Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

120.    That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit J") and a Report from a Health Care Professional ("See Exhibit K").

121.    As a direct and proximate cause of the negligence of Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, and other healthcare providers, all of whom

were acting within the course and scope of their employment, Deonsha Ramona Jones was pronounced dead and the heirs of Deonsha Ramona Jones, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, prays for judgment against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, in the sum of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

_____

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT VI
**(Survival Action – Granite City Illinois Hospital Company, LLC)**

COMES NOW the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count VI of her cause of action against the Defendant, GRANITE CITY

ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, states to the Court as follows:

122.    The Plaintiff re-alleges and incorporates by reference paragraphs 105-115, including all incorporated paragraphs, of Count V of this Complaint as if fully re-stated herein.

123.    That suit is being filed pursuant to 755 ILCS 5/27-6 for DEONSHA RAMONA JONES' personal injuries sustained before her death as a result of the negligence of Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, all of whom were acting within the course and scope of their employment.

124.    That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit J") and a Report from a Health Care Professional ("See Exhibit K").

125.    As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, all of whom were acting within the course and scope of their employment, DEONSHA RAMONA JONES experienced severe conscious pain and suffering.

126.    As a direct and proximate cause of the negligence of Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, all of whom were acting within the course and scope of their employment, all of whom were acting within the course and scope of their employment, DEONSHA RAMONA JONES' next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for DEONSHA RAMONA

JONES' pain and suffering incurred before her death and for which she would have been entitled to recover had she survived.  Further, DEONSHA RAMONA JONES' estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, prays for judgment against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, in the sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT VII
**(Negligence – Granite City Illinois Hospital Company, LLC)**

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, by and through her counsel, and for Count VII of her cause of action against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, states to the Court as follows:

127.    Jurisdiction against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has original jurisdiction and thus shall have supplemental

jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

128.    Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and the care and treatment at issue was provided in the Southern District of Illinois.

129.    At all relevant times herein, the Plaintiff, De'Erica Ingram was a resident of the State of Illinois and the County of Madison and lived within the Southern District of Illinois.

130.    At all relevant times to this cause of action, the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, was a limited liability company engaged in the business of providing medical care to members of the public, including the Plaintiff, DE'ERICA INGRAM, with its principal place of business located at 2100 Madison Ave., Granite City, IL 62040 in Madison County, Illinois.  At all times herein-mentioned, Defendant, Gateway Regional Medical Center, employed physicians, nurses, respiratory therapists, and other health care personnel for providing medical services and all such persons were at all times acting as the agents, servants, and/or employees of Gateway Regional Medical Center and were at all times acting within the course and scope thereof.

131.    At all times mentioned herein it was the duty of the Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, to exercise reasonable care in the examination, diagnosis, delivery, care, and treatment of Plaintiff, DE'ERICA INGRAM, so as not to injure or harm her.

132.    That Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

133.    At all times relevant to this complaint, the Plaintiff, DE'ERICA INGRAM, relied upon the Defendant, Gateway Regional Medical Center, to provide appropriate services through

its healthcare providers, including but not limited to its physicians, nurses, respiratory therapists, other healthcare providers, agents, servants, or employees or apparent agents.

134.    On or about October 11, 2019, the Plaintiff, DE'ERICA INGRAM, visited Gateway Regional Medical Center, for lower back pain, pelvic pain, and vomiting where she was admitted for early labor.

135.    On or about October 11, 2019, at 05:10, De'Erica Ingram signed an operative consent for a possible cesarean section.

136.    On or about October 11, 2019, at 05:15, De'Erica Ingram was showing abnormal fetal monitoring results and orders were received to start low dose Oxytocin.

137.    On or about October 11, 2019, at 07:31, De'Erica Ingram's membranes artificially ruptured.

138.    On or about October 11, 2019, at 09:35, De'Erica Ingram was noted to be having prolonged decelerations and now recurrent late decelerations and orders for an amnioinfusion were given.

139.    On or about October 11, 2019, at 10:15, an amnioinfusion was started by the nurses at Gateway Regional Medical Center.

140.    On or about October 11, 2019, at 12:20, the nurses began following orders to begin Pitocin augmentation.

141.    On or about October 11, 2019, at 13:30, De'Erica Ingram was noted to have a fever of 99.5, at which point she was given Tylenol 1000 mg.

142.    On or about October 11, 2019, at 14:00, De'Erica Ingram was noted to have emesis after the Tylenol was given and she was given a Tylenol suppository.

143.    On or about October 11, 2019, at 14:45, the fetal heart tracings were again showing tachycardia.

144.    On or about October 11, 2019, at 15:15, De'Erica Ingram was noted to have continuous fetal tachycardia with minimal variability and a sterile vaginal examination was conducted.

145.    On or about October 11, 2019, at 15:25, a sterile vaginal examination was performed and the fetal heart tracings showing tachycardia with minimal variability.

146.    On or about October 11, 2019, at 15:25, Dr. Hurford gave orders for a non-emergent cesarean section.

147.    On or about October 11, 2019, a call was placed to the operating room and a cesarean section was scheduled to start at 16:00:00.

148.    On or about October 11, 2019, at 16:01:00, De'Erica Ingram was notified regarding the necessity of a cesarean section.

149.    On or about October 11, 2019, at 16:13, De'Erica Ingram was taken to the operating room for a cesarean section.

150.    On or about October 11, 2019, at 16:44:00, Deonsha Ramona Jones was born with a blue, pale color presentation and no respiratory effort.

151.    On or about October 11, 2019, at 17:11:00, after unsuccessful resuscitation efforts, Deonsha Ramona Jones was pronounced dead at Gateway Regional Medical Center in Granite City, Illinois.

152.    On or about October 11, 2019, De'Erica Ingram was diagnosed with a postoperative hematoma.

153.    On or about October 15, 2019, De'Erica Ingram underwent a surgical laparoscopy with removal of the postoperative hematoma.

154.    De'Erica Ingram was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

155.    At the time and place aforesaid, the Defendant, Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a.    Negligently and carelessly failed to provide properly trained nurses to monitor De'Erica Ingram's condition;

b.    Negligently and carelessly failed to alert the doctors of problems and/or changes in the fetal condition;

c.    Negligently and carelessly failed to use the nursing chain of command when it was clear that Dr. Hurford was not being responsive to the changes in fetal condition;

d.    Negligently and carelessly failed to deliver Deonsha Ramona Jones in a timely manner and failed to provide timely and appropriate medical treatment;

e.    Negligently and carelessly failed to determine that a caesarean section was required in a timely manner and failed to provide timely and appropriate medical treatment;

f.    Negligently and carelessly failed to recognize that the fetus was not tolerating labor and failed to provide timely and appropriate medical treatment;

g.    Negligently and carelessly failed to properly administer Pitocin and failed to provide timely and appropriate medical treatment;

h.      Negligently and carelessly failed to recognize recurrent late decelerations and other fetal heart rate abnormalities and failed to provide timely and appropriate medical treatment;

i.      Negligently and carelessly improperly used an amnioinfusion when the fetus was having recurrent, late decelerations and failed to provide timely and appropriate medical treatment;

j.      Negligently and carelessly failed to recognize placental insufficiency and failed to provide timely and appropriate medical treatment;

k.      Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to protect the health of the Plaintiff, DE'ERICA INGRAM;

l.      Negligently and carelessly failed to recognize and call for an emergency caesarean section when it knew or in the exercise of reasonable care should have known that the emergency caesarean section was required;

m.     Negligently and carelessly failed to recognize that the fetus had abnormal tracings and failed to provide timely and appropriate medical treatment;

n.      Negligently and carelessly failed to properly read and interpret the fetal heart tracings and failed to provide timely and appropriate medical treatment;

o.      Negligently and carelessly failed to adequately and properly respond to De'Erica Ingram's contractions and the fetal heart rate and failed to provide timely and appropriate medical treatment;

p.      Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby and failed to provide timely and appropriate medical treatment;

q.      Negligently and carelessly failed to recognize that Deonsha Ramona Jones
        was not tolerating labor and failed to provide timely and appropriate
        medical treatment;

r.      Negligently and carelessly failed to properly and appropriately use a
        vacuum to deliver Deonsha Ramona Jones;

s.      Negligently and carelessly failed to properly document the procedure of
        using a vacuum to deliver Deonsha Ramona Jones;

t.      Negligently and carelessly failed to appreciate the maternal, fetal, and
        neonatal conditions and/or risk factors that indicated a higher risk for the
        necessity of neonatal resuscitation;

u.      Negligently and carelessly failed to properly perform the cesarean section
        to prevent a postoperative hematoma;

v.      Negligently and carelessly failed to properly monitor De'Erica Ingram
        during labor and after delivery and failed to provide timely and appropriate
        medical treatment;

w.      Negligently and carelessly failed to timely recognize and/or treat De'Erica
        Ingram's postoperative hematoma;

x.      Negligently and carelessly failed to follow-up on De'Erica Ingram's
        symptoms and concerns and failed to provide timely and appropriate
        medical treatment;

y.      Negligently and carelessly failed to properly perform the c-section to
        prevent a postoperative hematoma;

z.      Negligently and carelessly failed to adequately recognize De'Erica
        Ingram's postoperative hematoma and failed to provide timely and
        appropriate medical treatment;

aa.   Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby closely and failed to provide timely and appropriate medical treatment;

bb.   Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, De'Erica Ingram's, condition;

cc.   Negligently and carelessly failed to properly perform follow-up treatment of De'Erica Ingram;

dd.   Negligently and carelessly failed to appreciate that De'Erica Ingram's prolonged, inefficient labor was increasing her risk for a postoperative hematoma and failed to provide timely and appropriate medical treatment;

ee.   Negligently and carelessly failed to adequately and properly address De'Erica Ingram's risks for postoperative hematoma and failed to provide timely and appropriate medical treatment;

ff.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, De'Erica Ingram.

156.   Based on the foregoing, the Defendant, Gateway Regional Medical Center, is vicariously liable to the Plaintiff, DE'ERICA INGRAM, an Individual, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, all of whom were acting within the course and scope of their employment.

157.   That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit L") and a Report from a Health Care Professional ("See Exhibit M").

158.   As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, Gateway Regional Medical Center, by and through its agents,

servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, all of whom were acting within the course and scope of their employment, the Plaintiff, DE'ERICA INGRAM, suffered injuries, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, DE'ERICA INGRAM, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, DE'ERICA INGRAM, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, DE'ERICA INGRAM, sustained serious permanent injuries, including but not limited to postoperative hematoma and was forced to undergo unnecessary procedures and treatment; the Plaintiff, DE'ERICA INGRAM, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, Individually, prays for judgment against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, in the sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

**COUNT VIII**
**(Negligent Infliction of Emotional Distress – Granite City Illinois Hospital Company, LLC)**

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, by and through her counsel, and for Count VIII of her cause of action against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, states to the Court as follows:

159.    Plaintiff adopts and incorporates each and every allegation contained in paragraphs 127-155 of Court VII of this Complaint.

160.    That all times mentioned herein, the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, owed a duty to the Plaintiff, DE'ERICA INGRAM, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, DE'ERICA INGRAM, to suffer extreme emotional distress and fear for her own safety.

161.    As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, all of whom were acting within the course and scope of their employment, the Plaintiff, DE'ERICA INGRAM, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, DE'ERICA INGRAM, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish has incurred and could possibly need future medical treatment; the Plaintiff, DE'ERICA INGRAM, sustained permanent injuries, including but not

limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological difficulties and other trauma.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, Individually, prays for judgment against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC d/b/a Gateway Regional Medical Center, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT IX
### (Wrongful Death – Dennis Hurford, M.D.)

COMES NOW the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count IX of her cause of action against the Defendant, DENNIS HURFORD, M.D., states to the Court as follows:

162.    Jurisdiction against the Defendant, DENNIS HURFORD, M.D., is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has original jurisdiction and thus shall

have supplemental jurisdiction over all other claims that are so related to the claims in the action

within the original jurisdiction that they form part of the same case or controversy.

163.    Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events

giving rise to suit occurred in the Southern District of Illinois and the care and treatment at issue

was provided in the Southern District of Illinois.

164.    The Plaintiff, De'Erica Ingram, is the mother of the decedent, Deonsha Ramona

Jones, and is the court appointed Independent Administrator of the Estate of Deonsha Ramona

Jones, deceased.  A copy of the Letters of Office is attached hereto and made a part hereof and

marked as "Exhibit A".

165.    At all relevant times herein, the Plaintiff, De'Erica Ingram was a resident of the

State of Illinois and the County of Madison and lived within the Southern District of Illinois.

166.    Dennis Hurford, M.D., was, at all relevant times, a physician licensed to practice

medicine in the State of Illinois and practicing in the field of obstetrics and gynecology and held

himself out as a skilled and knowledgeable physician competent to practice in the field of obstetrics

and gynecology.

167.    At all relevant times to this cause of action, the Defendant, DENNIS HURFORD,

M.D. was providing medical care to members of the public, including the Plaintiff, DE'ERICA

INGRAM, and DEONSHA RAMONA JONES, at Gateway Regional Medical Center, located at

2100 Madison Ave., Granite City, IL 62040 in Madison County, Illinois.

168.    At all times mentioned herein it was the duty of the Defendant, DENNIS HURFORD,

M.D., to exercise reasonable care in the examination, diagnosis, delivery, resuscitation, care, and

treatment of Plaintiff, DE'ERICA INGRAM and Deonsha Ramona Jones, so as not to injure or harm

De'Erica Ingram and/or her child, Deonsha Ramona Jones.

169.    That Defendant, DENNIS HURFORD, M.D., deviated from the acceptable standard

of medical care.

170.    At all times relevant to this complaint, the Plaintiff, DE'ERICA INGRAM, relied upon the Defendant, DENNIS HURFORD, M.D., to provide appropriate medical services to herself and her child, Deonsha Ramona Jones.

171.    The Plaintiff re-alleges and incorporates by referenced paragraphs 18-39 of this Complaint as if fully re-stated herein.

172.    At the time and place aforesaid, the Defendant, DENNIS HURFORD, M.D., breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a.    Negligently and carelessly failed to deliver Deonsha Ramona Jones in a timely manner;

b.    Negligently and carelessly failed to determine that a caesarean section was required in a timely manner and failed to provide timely and appropriate medical treatment;

c.    Negligently and carelessly failed to recognize that the fetus was not tolerating labor and failed to provide timely and appropriate medical treatment;

d.    Negligently and carelessly failed to properly administer Pitocin and failed to provide timely and appropriate medical treatment;

e.    Negligently and carelessly failed to recognize recurrent late decelerations and other fetal heart rate abnormalities and failed to provide timely and appropriate medical treatment;

f.    Negligently and carelessly improperly used an amnioinfusion when the fetus was having recurrent, late decelerations ;

g.    Negligently and carelessly failed to recognize placental insufficiency and failed to provide timely and appropriate medical treatment;

h.   Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Deonsha Ramona Jones;

i.   Negligently and carelessly failed to recognize and call for an emergency caesarean section when it knew or in the exercise of reasonable care should have known that an emergency caesarean section was required;

j.   Negligently and carelessly failed to recognize that the fetus had abnormal tracings and failed to provide timely and appropriate medical treatment;

k.   Negligently and carelessly failed to properly read and interpret the fetal heart tracings and failed to provide timely and appropriate medical treatment;

l.   Negligently and carelessly failed to adequately and properly respond to De'Erica Ingram's contractions and the fetal heart rate and failed to provide timely and appropriate medical treatment;

m.   Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby and failed to provide timely and appropriate medical treatment;

n.   Negligently and carelessly failed to recognize that Deonsha Ramona Jones was not tolerating labor and failed to provide timely and appropriate medical treatment;

o.   Negligently and carelessly failed to properly and appropriately use a vacuum to deliver Deonsha Ramona Jones;

p.   Negligently and carelessly failed to properly document the procedure of using a vacuum to deliver Deonsha Ramona Jones;

q.      Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

r.      Negligently and carelessly failed to assemble a physician led team to be present at the delivery and supervise the anticipated neonatal resuscitation of Deonsha Ramona Jones;

s.      Negligently and carelessly failed to properly perform the cesarean section;

t.      Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby and De'Erica Ingram closely and failed to provide timely and appropriate medical treatment;

u.      Negligently and carelessly failed to properly monitor De'Erica Ingram during labor and after delivery and failed to provide timely and appropriate medical treatment;

v.      Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, De'Erica Ingram, and Deonsha Ramona Jones.

173.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Deonsha Ramona Jones, was pronounced dead on October 11, 2019 at Gateway Regional Medical Center in Granite City, Illinois.

174.    That the aforesaid negligent acts or omissions of Defendant, DENNIS HURFORD, M.D., were the direct and proximate cause of Deonsha Ramona Jones' death.

175.    The Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

176.    That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit N") and a Report from a Health Care Professional ("See Exhibit O").

177.    As a direct and proximate cause of the negligence of Defendant, DENNIS HURFORD, M.D., Deonsha Ramona Jones was pronounced dead and the heirs of Deonsha Ramona Jones, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, prays for judgment against the Defendant, DENNIS HURFORD, M.D., in the sum of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT X
### (Survival Action – Dennis Hurford, M.D.)

COMES NOW the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her attorney, STEVEN E.

KATZMAN, and for Count X of her cause of action against the Defendant, DENNIS HURFORD, M.D., states to the Court as follows:

178.    The Plaintiff re-alleges and incorporates by reference paragraphs 162-172, including all incorporated paragraphs, of Count IX of this Complaint as if fully re-stated herein.

179.    That suit is being filed pursuant to 755 ILCS 5/27-6 for DEONSHA RAMONA JONES' personal injuries sustained before her death as a result of the negligence of Defendant, DENNIS HURFORD, M.D.

180.    That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit N") and a Report from a Health Care Professional ("See Exhibit O").

181.    As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, DENNIS HURFORD, M.D., DEONSHA RAMONA JONES experienced severe conscious pain and suffering.

182.    As a direct and proximate cause of the negligence of Defendant, DENNIS HURFORD, DEONSHA RAMONA JONES' next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for DEONSHA RAMONA JONES' pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, DEONSHA RAMONA JONES' estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, prays for judgment against the Defendant, DENNIS HURFORD, M.D., in the sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

_____

STEVEN E. KATZMAN, #01414321

DANIEL C. KATZMAN, #6306299

300 South Charles Street

Belleville, IL 62220

(618) 235-2110 (Phone)

(618) 235-2117 (Fax)

steve@katzmanlaw.net

dkatzman@katzmanlaw.net

ATTORNEYS FOR PLAINTIFFS

## COUNT XI
### (Negligence -- Dennis Hurford, M.D.)

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, by and through her counsel, and for Count XI of her cause of action against the Defendant, DENNIS HURFORD, M.D., states to the Court as follows:

183.   Jurisdiction against the Defendant, DENNIS HURFORD, M.D., is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has original jurisdiction and thus shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

184.   Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and the care and treatment at issue was provided in the Southern District of Illinois.

185.   At all relevant times herein, the Plaintiff, De'Erica Ingram was a resident of the State of Illinois and the County of Madison and lived within the Southern District of Illinois.

186.   Dennis Hurford, M.D., was, at all relevant times, a physician licensed to practice medicine in the State of Illinois and practicing in the field of obstetrics and gynecology and held

himself out as a skilled and knowledgeable physician competent to practice in the field of obstetrics and gynecology.

187.   At all relevant times to this cause of action, the Defendant, DENNIS HURFORD, M.D. was providing medical care to members of the public, including the Plaintiff, DE'ERICA INGRAM, and DEONSHA RAMONA JONES, at Gateway Regional Medical Center, located at 2100 Madison Ave., Granite City, IL 62040 in Madison County, Illinois.

188.   At all times mentioned herein it was the duty of the Defendant, DENNIS HURFORD, M.D., to exercise reasonable care in the examination, diagnosis, delivery, care, and treatment of Plaintiff, DE'ERICA INGRAM, so as not to injure or harm her.

189.   That Defendant, DENNIS HURFORD, M.D., deviated from the acceptable standard of medical care.

190.   At all times relevant to this complaint, the Plaintiff, DE'ERICA INGRAM, relied upon the Defendant, DENNIS HURFORD, M.D., to provide appropriate medical services to herself and her child, Deonsha Ramona Jones.

191.   On or about October 11, 2019, the Plaintiff, DE'ERICA INGRAM, visited the Gateway Regional Medical Center, for lower back pain, pelvic pain, and vomiting where she was admitted for early labor.

192.   On or about October 11, 2019, at 05:10, De'Erica Ingram signed an operative consent for a possible cesarean section.

193.   On or about October 11, 2019, at 05:15, Dr. Dennis Hurford was notified of abnormal fetal monitoring results and orders were received to start low dose Oxytocin.

194.   On or about October 11, 2019, at 07:31, De'Erica Ingram's membranes artificially ruptured.

195.   On or about October 11, 2019, at 08:00, Dr. Hurford was present to review the abnormal fetal heart tones and fetal monitoring strips.

196.     On or about October 11, 2019, at 09:00, Dr. Hurford was once again notified of the abnormal fetal heart tones.

197.     On or about October 11, 2019, at 09:35, Dr. Hurford was notified of prolonged decelerations and now recurrent late decelerations and orders for an amnioinfusion were given.

198.     On or about October 11, 2019, at 10:15, an amnioinfusion was started as ordered by Dr. Dennis Hurford.

199.     On or about October 11, 2019, at 12:20, Dr. Hurford was present to review the fetal monitoring strips and he ordered to begin Pitocin augmentation.

200.     On or about October 11, 2019, at 13:30, De'Erica Ingram was noted to have a fever of 99.5, at which point Dr. Hurford ordered Tylenol 1000 mg.

201.     On or about October 11, 2019, at 14:00, De'Erica Ingram was noted to have emesis after the Tylenol was given and an order was given by Dr. Hurford for a Tylenol suppository.

202.     On or about October 11, 2019, at 14:45, Dr. Hurford was again notified of the fetal heart tracings showing tachycardia.

203.     On or about October 11, 2019, at 15:15, a call was placed to Dr. Hurford regarding continuous fetal tachycardia with minimal variability and he ordered a sterile vaginal examination to be conducted.

204.     On or about October 11, 2019, at 15:25, Dr. Hurford was made aware of the sterile vaginal examination, as well as fetal heart tracings showing tachycardia with minimal variability.

205.     On or about October 11, 2019, at 15:25, Dr. Hurford gave orders for a non-emergent cesarean section.

206.     On or about October 11, 2019, a call was placed to the operating room and Dr. Hurford was aware that a cesarean section was scheduled to start at 16:00:00.

207.     On or about October 11, 2019, at 16:01:00, Dr. Hurford spoke with De'Erica Ingram regarding the necessity of a cesarean section.

208.    On or about October 11, 2019, at 16:13, De'Erica Ingram was taken to the operating room for a cesarean section.

209.    On or about October 11, 2019, at 16:44:00, Deonsha Ramona Jones was born with a blue, pale color presentation and no respiratory effort.

210.    On or about October 11, 2019, at 17:11:00, after unsuccessful resuscitation efforts, Deonsha Ramona Jones was pronounced dead at Gateway Regional Medical Center in Granite City, Illinois.

211.    On or about October 11, 2019, De'Erica Ingram was diagnosed with a postoperative hematoma.

212.    On or about October 15, 2019, De'Erica Ingram underwent a surgical laparoscopy with removal of the postoperative hematoma.

213.    De'Erica Ingram was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

214.    At the time and place aforesaid, the Defendant, DENNIS HURFORD, M.D., breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

      a.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus and failed to provide timely and appropriate medical treatment;

      b.    Negligently and carelessly failed to deliver Deonsha Ramona Jones in a timely manner and failed to provide timely and appropriate medical treatment;

      c.    Negligently and carelessly failed to determine that a caesarean section was required in a timely manner and failed to provide timely and appropriate medical treatment;

d.      Negligently and carelessly failed to recognize that the fetus was not tolerating labor and failed to provide timely and appropriate medical treatment;

e.      Negligently and carelessly failed to recognize recurrent late decelerations and other fetal heart rate abnormalities and failed to provide timely and appropriate medical treatment;

f.      Negligently and carelessly used an amnioinfusion when the fetus was having recurrent, late decelerations;

g.      Negligently and carelessly failed to recognize placental insufficiency and failed to provide timely and appropriate medical treatment;

h.      Negligently and carelessly failed to perform a caesarean section in a timely manner when he knew or in the exercise of reasonable care should have known that an emergency caesarean section was required to protect the health of the Plaintiff, DE'ERICA INGRAM;

i.      Negligently and carelessly failed to recognize and call for an emergency caesarean section when he knew or in the exercise of reasonable care should have known that an emergency caesarean section was required;

j.      Negligently and carelessly failed to recognize that the fetus had abnormal tracings and failed to provide timely and appropriate medical treatment;

k.      Negligently and carelessly failed to adequately and properly respond to De'Erica Ingram's contractions and the fetal heart rate and failed to provide timely and appropriate medical treatment;

l.      Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby and failed to provide timely and appropriate medical treatment;

m.   Negligently and carelessly failed to recognize that Deonsha Ramona Jones was not tolerating labor and failed to provide timely and appropriate medical treatment;

n.   Negligently and carelessly failed to properly and appropriately use a vacuum to deliver Deonsha Ramona Jones;

o.   Negligently and carelessly failed to properly document the procedure of using a vacuum to deliver Deonsha Ramona Jones;

p.   Negligently and carelessly failed to properly perform the cesarean section;

q.   Negligently and carelessly failed to properly monitor De'Erica Ingram during labor and after delivery and failed to provide timely and appropriate medical treatment;

r.   Negligently and carelessly failed to timely recognize and/or treat De'Erica Ingram's postoperative hematoma;

s.   Negligently and carelessly failed to follow-up on De'Erica Ingram's symptoms and concerns and failed to provide timely and appropriate medical treatment;

t.   Negligently and carelessly failed to properly perform the c-section to prevent a postoperative hematoma;

u.   Negligently and carelessly failed to adequately recognize De'Erica Ingram's postoperative hematoma and failed to provide timely and appropriate medical treatment;

v.   Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby and De'Erica Ingram closely and failed to provide timely and appropriate medical treatment;

w.    Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, De'Erica Ingram's, condition;

x.    Negligently and carelessly failed to properly perform follow-up treatment of De'Erica Ingram;

y.    Negligently and carelessly failed to appreciate that De'Erica Ingram's prolonged, inefficient labor was increasing her risk for a postoperative hematoma and failed to provide timely and appropriate medical treatment;

z.    Negligently and carelessly failed to adequately and properly address De'Erica Ingram's risks for postoperative hematoma and failed to provide timely and appropriate medical treatment;

aa.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, De'Erica Ingram.

215.   That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit P") and a Report from a Health Care Professional ("See Exhibit Q").

216.   As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, DENNIS HURFORD, M.D., the Plaintiff, DE'ERICA INGRAM, suffered injuries, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, DE'ERICA INGRAM, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, DE'ERICA INGRAM, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, DE'ERICA INGRAM, sustained serious permanent injuries, including but not limited to postoperative hematoma and was forced to undergo unnecessary procedures and treatment; the Plaintiff, DE'ERICA INGRAM, sustained

disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, Individually, prays for judgment against the Defendant, DENNIS HURFORD, M.D., in the sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

_____

STEVEN E. KATZMAN, #01414321

DANIEL C. KATZMAN, #6306299

300 South Charles Street

Belleville, IL 62220

(618) 235-2110 (Phone)

(618) 235-2117 (Fax)

steve@katzmanlaw.net

dkatzman@katzmanlaw.net

ATTORNEYS FOR PLAINTIFFS

## <u>COUNT XII</u>
### (Negligent Infliction of Emotional Distress –Dennis Hurford, M.D.)

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, by and through her counsel, and for Count XII of her cause of action against the Defendant, DENNIS HURFORD, M.D., states to the Court as follows:

217.    Plaintiff adopts and incorporates each and every allegation contained in paragraphs 183-214 of Court XI of this Complaint.

218.    That all times mentioned herein, the Defendant, DENNIS HURFORD, M.D., owed a duty to the Plaintiff, DE'ERICA INGRAM, refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, DE'ERICA INGRAM, to suffer extreme emotional distress and fear for her own safety.

219.    As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, DENNIS HURFORD, M.D., the Plaintiff, DE'ERICA INGRAM, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, DE'ERICA INGRAM, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish has incurred and could possibly need future medical treatment; the Plaintiff, DE'ERICA INGRAM, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological difficulties and other trauma.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, Individually, prays for judgment against the Defendant, DENNIS HURFORD, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

**COUNT XIII**
**(Wrongful Death – Granite City Clinic Corp.)**

COMES NOW the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count XIII of her cause of action against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, states to the Court as follows:

220. Jurisdiction against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has original jurisdiction and thus shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

221. Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and the care and treatment at issue was provided in the Southern District of Illinois.

222. The Plaintiff, De'Erica Ingram, is the mother of the decedent, Deonsha Ramona Jones, and is the court appointed Independent Administrator of the Estate of Deonsha Ramona Jones, deceased. A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

223. At all relevant times herein, the Plaintiff, De'Erica Ingram was a resident of the State of Illinois and the County of Madison and lived within the Southern District of Illinois.

224. At all relevant times to this cause of action, the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, was an Illinois corporation engaged in the business of providing medical care to members of the public, including the Plaintiff, DE'ERICA INGRAM, and DEONSHA RAMONA JONES, with its principal place of business located in Madison County, Illinois. At all times herein-mentioned, Defendant, Granite City Clinic Corp. d/b/a Gateway Medical Group, employed physicians, nurses and other health care personnel, including but not limited to Dennis Hurford, M.D., for providing medical services and all such persons were at all times acting as

the agents, servants, and/or employees of Gateway Medical Group and were at all times acting within the course and scope thereof.

225.    At all times mentioned herein it was the duty of the Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, to exercise reasonable care in the examination, diagnosis, delivery, resuscitation, care, and treatment of Plaintiff, DE'ERICA INGRAM and Deonsha Ramona Jones, so as not to injure or harm De'Erica Ingram and/or her child, Deonsha Ramona Jones.

226.    That Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

227.    At all times relevant to this complaint, the Plaintiff, DE'ERICA INGRAM, relied upon the Defendant, Gateway Medical Group, to provide appropriate services through its healthcare providers, including but not limited to its physicians, nurses, other healthcare providers, agents, servants, or employees or apparent agents, including but not limited to Dennis Hurford, M.D..

228.    The Plaintiff re-alleges and incorporates by referenced paragraphs 18-39 of this Complaint as if fully re-stated herein.

229.    At the time and place aforesaid, the Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

    a.    Negligently and carelessly failed to provide properly trained physicians to monitor the Plaintiff, DE'ERICA INGRAM'S, condition;

b.      Negligently and carelessly failed to deliver Deonsha Ramona Jones in a timely manner and failed to provide timely and appropriate medical treatment;

c.      Negligently and carelessly failed to determine that a caesarean section was required in a timely manner and failed to provide timely and appropriate medical treatment;

d.      Negligently and carelessly failed to recognize that the fetus was not tolerating labor and failed to provide timely and appropriate medical treatment;

e.      Negligently and carelessly failed to properly administer Pitocin and failed to provide timely and appropriate medical treatment;

f.      Negligently and carelessly failed to recognize recurrent late decelerations and other fetal heart rate abnormalities and failed to provide timely and appropriate medical treatment;

g.      Negligently and carelessly improperly used an amnioinfusion when the fetus was having recurrent, late decelerations;

h.      Negligently and carelessly failed to recognize placental insufficiency and failed to provide timely and appropriate medical treatment;

i.      Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Deonsha Ramona Jones;

j.      Negligently and carelessly failed to recognize and call for an emergency caesarean section when it knew or in the exercise of reasonable care should have known that an emergency caesarean section was required;

k.    Negligently and carelessly failed to recognize that the fetus had abnormal tracings and failed to provide timely and appropriate medical treatment;

l.    Negligently and carelessly failed to properly read and interpret the fetal heart tracings and failed to provide timely and appropriate medical treatment;

m.    Negligently and carelessly failed to adequately and properly respond to De'Erica Ingram's contractions and the fetal heart rate and failed to provide timely and appropriate medical treatment;

n.    Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby and failed to provide timely and appropriate medical treatment ;

o.    Negligently and carelessly failed to recognize that Deonsha Ramona Jones was not tolerating labor and failed to provide timely and appropriate medical treatment;

p.    Negligently and carelessly failed to properly and appropriately use a vacuum to deliver Deonsha Ramona Jones;

q.    Negligently and carelessly failed to properly document the procedure of using a vacuum to deliver Deonsha Ramona Jones;

r.    Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

s.    Negligently and carelessly failed to assemble a physician led team to be present at the delivery and supervise the anticipated neonatal resuscitation of Deonsha Ramona Jones;

t.      Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby and De'Erica Ingram closely and failed to provide timely and appropriate medical treatment;

u.      Negligently and carelessly failed to properly monitor De'Erica Ingram during labor and after delivery and failed to provide timely and appropriate medical treatment;

v.      Otherwise negligently and carelessly provided inadequate medical services.

230.    That Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., deviated from the acceptable standard of medical care.

231.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Deonsha Ramona Jones, was pronounced dead on October 11, 2019 at Gateway Regional Medical Center in Granite City, Illinois.

232.    That the aforesaid negligent acts or omissions of Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Deonsha Ramona Jones' death.

233.    Based on the foregoing, the Defendant, Gateway Medical Group, is vicariously liable to the Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D.

234.    The Plaintiff, De'Erica Ingram, as Independent Administrator of the Estate of Deonsha Ramona Jones, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

235.   That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit R") and a Report from a Health Care Professional ("See Exhibit S").

236.   As a direct and proximate cause of the negligence of Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, Deonsha Ramona Jones was pronounced dead and the heirs of Deonsha Ramona Jones, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, prays for judgment against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, in the sum of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

**COUNT XIV**
**(Survival Action – Granite City Clinic Corp.)**

COMES NOW the Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count XIV of her cause of action against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, states to the Court as follows:

237.   The Plaintiff re-alleges and incorporates by reference paragraphs 220-229, including all incorporated paragraphs, of Count XIII of this Complaint as if fully re-stated herein.

238.   That suit is being filed pursuant to 755 ILCS 5/27-6 for DEONSHA RAMONA JONES' personal injuries sustained before her death as a result of the negligence of Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment.

239.   That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit R") and a Report from a Health Care Professional ("See Exhibit S").

240.   As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, DEONSHA RAMONA JONES experienced severe conscious pain and suffering.

241.   As a direct and proximate cause of the negligence of Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, all of whom were acting within the course and scope of their employment, DEONSHA RAMONA JONES' next of kin have incurred expenses for her funeral and burial bills, medical bills, and have

forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for DEONSHA RAMONA JONES' pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, DEONSHA RAMONA JONES' estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, Plaintiff, DE'ERICA INGRAM, as Independent Administrator of the Estate of DEONSHA RAMONA JONES, deceased, prays for judgment against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, in the sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT XV
### (Negligence -- Granite City Clinic Corp.)

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, by and through her counsel, and for Count XV of her cause of action against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, states to the Court as follows:

242.    Jurisdiction against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, is proper pursuant to 28 U.S.C. § 1367 because the Southern District of Illinois has

original jurisdiction and thus shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

243.    Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and the care and treatment at issue was provided in the Southern District of Illinois.

244.    At all relevant times herein, the Plaintiff, De'Erica Ingram was a resident of the State of Illinois and the County of Madison and lived within the Southern District of Illinois.

245.    At all relevant times to this cause of action, the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, was an Illinois corporation engaged in the business of providing medical care to members of the public, including the Plaintiff, DE'ERICA INGRAM, and DEONSHA RAMONA JONES, with its principal place of business located in Madison County, Illinois.  At all times herein-mentioned, Defendant, Granite City Clinic Corp. d/b/a Gateway Medical Group, employed physicians, nurses and other health care personnel, including but not limited to Dennis Hurford, M.D., for providing medical services and all such persons were at all times acting as the agents, servants, and/or employees of Gateway Medical Group and were at all times acting within the course and scope thereof.

246.    At all times mentioned herein it was the duty of the Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, to exercise reasonable care in the examination, diagnosis, delivery, care, and treatment of Plaintiff, DE'ERICA INGRAM, so as not to injure or harm De'Erica Ingram.

247.    That Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

248.    At all times relevant to this complaint, the Plaintiff, DE'ERICA INGRAM, relied upon the Defendant, Gateway Medical Group, to provide appropriate services through its healthcare providers, including but not limited to its physicians, nurses, other healthcare providers, agents, servants, or employees or apparent agents, including but not limited to Dennis Hurford, M.D.

249.    On or about October 11, 2019, the Plaintiff, DE'ERICA INGRAM, visited the Gateway Regional Medical Center, for lower back pain, pelvic pain, and vomiting where she was admitted for early labor.

250.    On or about October 11, 2019, at 05:10, De'Erica Ingram signed an operative consent for a possible cesarean section.

251.    On or about October 11, 2019, at 05:15, Dr. Dennis Hurford was notified of abnormal fetal monitoring results and orders were received to start low dose Oxytocin.

252.    On or about October 11, 2019, at 07:31, De'Erica Ingram's membranes artificially ruptured.

253.    On or about October 11, 2019, at 08:00, Dr. Hurford was present to review the abnormal fetal heart tones and fetal monitoring strips.

254.    On or about October 11, 2019, at 09:00, Dr. Hurford was once again notified of the abnormal fetal heart tones.

255.    On or about October 11, 2019, at 09:35, Dr. Hurford was notified of prolonged decelerations and now recurrent late decelerations and orders for an amnioinfusion were given.

256.    On or about October 11, 2019, at 10:15, an amnioinfusion was started as ordered by Dr. Dennis Hurford.

257.    On or about October 11, 2019, at 12:20, Dr. Hurford was present to review the fetal monitoring strips and he ordered to begin Pitocin augmentation.

258.    On or about October 11, 2019, at 13:30, De'Erica Ingram was noted to have a fever of 99.5, at which point Dr. Hurford ordered Tylenol 1000 mg.

259.    On or about October 11, 2019, at 14:00, De'Erica Ingram was noted to have emesis after the Tylenol was given and an order was given by Dr. Hurford for a Tylenol suppository.

260.    On or about October 11, 2019, at 14:45, Dr. Hurford was again notified of the fetal heart tracings showing tachycardia.

261.    On or about October 11, 2019, at 15:15, a call was placed to Dr. Hurford regarding continuous fetal tachycardia with minimal variability and he ordered a sterile vaginal examination to be conducted.

262.    On or about October 11, 2019, at 15:25, Dr. Hurford was made aware of the sterile vaginal examination, as well as fetal heart tracings showing tachycardia with minimal variability.

263.    On or about October 11, 2019, at 15:25, Dr. Hurford gave orders for a non-emergent cesarean section.

264.    On or about October 11, 2019, a call was placed to the operating room and Dr. Hurford was aware that a cesarean section was scheduled to start at 16:00:00.

265.    On or about October 11, 2019, at 16:01:00, Dr. Hurford spoke with De'Erica Ingram regarding the necessity of a cesarean section.

266.    On or about October 11, 2019, at 16:13, De'Erica Ingram was taken to the operating room for a cesarean section.

267.    On or about October 11, 2019, at 16:44:00, Deonsha Ramona Jones was born with a blue, pale color presentation and no respiratory effort.

268.    On or about October 11, 2019, at 17:11:00, after unsuccessful resuscitation efforts, Deonsha Ramona Jones was pronounced dead at Gateway Regional Medical Center in Granite City, Illinois.

269.    On or about October 11, 2019, De'Erica Ingram was diagnosed with a postoperative hematoma.

270.    On or about October 15, 2019, De'Erica Ingram underwent a surgical laparoscopy with removal of the postoperative hematoma.

271.    De'Erica Ingram was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

272.    At the time and place aforesaid, the Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D. all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

   a.    Negligently and carelessly failed to provide properly trained physicians to monitor the Plaintiff, DE'ERICA INGRAM'S, condition;

   b.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus and failed to provide timely and appropriate medical treatment;

   c.    Negligently and carelessly failed to deliver Deonsha Ramona Jones in a timely manner;

   d.    Negligently and carelessly failed to determine that a caesarean section was required in a timely manner and failed to provide timely and appropriate medical treatment;

   e.    Negligently and carelessly failed to recognize that the fetus was not tolerating labor and failed to provide timely and appropriate medical treatment;

f.      Negligently and carelessly failed to recognize recurrent late decelerations and other fetal heart rate abnormalities and failed to provide timely and appropriate medical treatment;

g.      Negligently and carelessly used an amnioinfusion when the fetus was having recurrent, late decelerations;

h.      Negligently and carelessly failed to recognize placental insufficiency and failed to provide timely and appropriate medical treatment;

i.      Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to protect the health of the Plaintiff, DE'ERICA INGRAM;

j.      Negligently and carelessly failed to recognize and call for an emergency caesarean section when it knew or in the exercise of reasonable care should have known that an emergency caesarean section was required;

k.      Negligently and carelessly failed to recognize that the fetus had abnormal tracings and failed to provide timely and appropriate medical treatment;

l.      Negligently and carelessly failed to properly read and interpret the fetal heart tracings and failed to provide timely and appropriate medical treatment;

m.     Negligently and carelessly failed to adequately and properly respond to De'Erica Ingram's contractions and the fetal heart rate and failed to provide timely and appropriate medical treatment;

n.      Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby and failed to provide timely and appropriate medical treatment;

o.      Negligently and carelessly failed to recognize that Deonsha Ramona Jones was not tolerating labor and failed to provide timely and appropriate medical treatment;

p.      Negligently and carelessly failed to properly and appropriately use a vacuum to deliver Deonsha Ramona Jones;

q.      Negligently and carelessly failed to properly document the procedure of using a vacuum to deliver Deonsha Ramona Jones;

r.      Negligently and carelessly failed to properly perform the cesarean section;

s.      Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby and De'Erica Ingram closely and failed to provide timely and appropriate medical treatment;

t.      Negligently and carelessly failed to properly monitor De'Erica Ingram during labor and after delivery and failed to provide timely and appropriate medical treatment;

u.      Negligently and carelessly failed to timely recognize and/or treat De'Erica Ingram's postoperative hematoma;

v.      Negligently and carelessly failed to follow-up on De'Erica Ingram's symptoms and concerns;

w.      Negligently and carelessly failed to properly perform the c-section to prevent a postoperative hematoma;

x.      Negligently and carelessly failed to adequately recognize De'Erica Ingram's postoperative hematoma and failed to provide timely and appropriate medical treatment;

y.     Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby and De'Erica Ingram closely and failed to provide timely and appropriate medical treatment;

z.     Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, De'Erica Ingram's, condition;

aa.     Negligently and carelessly failed to properly perform follow-up treatment of De'Erica Ingram;

bb.     Negligently and carelessly failed to appreciate that De'Erica Ingram's prolonged, inefficient labor was increasing her risk for a postoperative hematoma and failed to provide timely and appropriate medical treatment;

cc.     Negligently and carelessly failed to adequately and properly address De'Erica Ingram's risks for postoperative hematoma and failed to provide timely and appropriate medical treatment;

dd.     Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, De'Erica Ingram.

273.     Based on the foregoing, the Defendant, Gateway Medical Group, is vicariously liable to the Plaintiff, DE'ERICA INGRAM, an Individual, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment.

274.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit T") and a Report from a Health Care Professional ("See Exhibit U").

275.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting

within the course and scope of their employment, the Plaintiff, DE'ERICA INGRAM, suffered injuries, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, DE'ERICA INGRAM, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, DE'ERICA INGRAM, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, DE'ERICA INGRAM, sustained serious permanent injuries, including but not limited to postoperative hematoma and was forced to undergo unnecessary procedures and treatment; the Plaintiff, DE'ERICA INGRAM, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, Individually, prays for judgment against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, in the sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT XVI
**(Negligent Infliction of Emotional Distress – Granite City Clinic Corp.)**

COMES NOW the Plaintiff, DE'ERICA INGRAM, Individually, by and through her counsel, and for Count XVI of her cause of action against the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, states to the Court as follows:

276.     Plaintiff adopts and incorporates each and every allegation contained in paragraphs 242-272 of Court XV of this Complaint.

277.     That all times mentioned herein, the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, owed a duty to the Plaintiff, DE'ERICA INGRAM, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, DE'ERICA INGRAM, to suffer extreme emotional distress and fear for her own safety.

278.     As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, GRANITE CITY CLINIC CORP. d/b/a Gateway Medical Group, by and through its agents, servants and/or employees, including but not limited to Dennis Hurford, M.D., all of whom were acting within the course and scope of their employment, the Plaintiff, DE'ERICA INGRAM, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, DE'ERICA INGRAM, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish has incurred and could possibly need future medical treatment; the Plaintiff, DE'ERICA INGRAM, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological difficulties and other trauma.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, DE'ERICA INGRAM, Individually, prays for judgment against the Defendant, GRANITE CITY CLINIC CORP. d/b/a

Gateway Medical Group, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321

DANIEL C. KATZMAN, #6306299

300 South Charles Street

Belleville, IL 62220

(618) 235-2110 (Phone)

(618) 235-2117 (Fax)

steve@katzmanlaw.net

dkatzman@katzmanlaw.net

ATTORNEYS FOR PLAINTIFFS